UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JASPER L. CHASTAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-00010-TWP-TAB |
| ) | |
| LAWRENCE COUNTY SHERIFF, ) | |
| LAWRENCE COUNTY JAIL STAFF, ) | |
| LAWRENCE COUNTY SHERIFF DEPT. ) | |
| AND EMPLOYEES, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Federal Claims and Directing that Action be Remanded to State Court**

The plaintiff was given a period of time in which to show cause why any federal claims thought to be brought pursuant to 42 U.S.C. § 1983 in this action should not be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A. The plaintiff responded. For the reasons set forth below and in the Entry of January 26, 2016, the federal claims are dismissed. Without a viable federal claim, this Court lacks jurisdiction over the state law claims. Accordingly, this action is remanded to the Lawrence Circuit Court for resolution of the state law claims.

First, plaintiff Jasper L. Chastain, an inmate at the Wabash Valley Correctional Facility, alleges that on April 16, 2015, he was a pretrial detainee incarcerated at the Lawrence County Jail. On that day he slipped and fell after stepping out of the shower. He attributes the fall to the fact that there was a puddle of water outside the shower area and no mat to step onto. Chastain asserts that jail employees were aware of this unsafe condition and had a duty to mitigate the risk posed by the chronically wet floor. But, a puddle outside a shower is not a condition which is sufficiently serious to warrant liability under 42 U.S.C. § 1983. *LeMaire v. Maass*, 12 F.3d 1444,1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual

punishment")(internal quotation marks and citation omitted). Accordingly, this federal claim is dismissed. Nothing in this Entry prohibits the plaintiff from seeking relief under state tort law for the negligence alleged on remand.

Second, Chastain asserts that he was denied adequate medical treatment for his serious medical needs following his fall. As the Court previously noted, however, this claim must be dismissed because there is no allegation of wrongdoing by any particular defendant. In response, Chastain states that Dr. John Doe and Nurse Jane Doe refused to provide the medication prescribed by Dr. Wright and refused to provide follow up care. The defendants named in this action, Lawrence County Sheriff, Lawrence County Jail Staff and Lawrence County Sheriff Department cannot be held liable for the actions of these two unknown defendants pursuant to 42 U.S.C. § 1983. See *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). Again, nothing in this Entry prohibits the plaintiff from pursuing these tort claims under state law on remand.

For the reasons explained above, no viable federal claim has been alleged such that neither party may rely on this court's supplemental jurisdiction to entertain the state-law claims. See 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754,757-58 (7th Cir. 2006). Accordingly, this action is **REMANDED** to Lawrence County (Indiana) Circuit Court, Cause No. 47C01-1512-CT-001452.

**IT IS SO ORDERED.**

Date: 2/10/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPER L. CHASTAIN
161351
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel